IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01936-GPG

MAZAN J. KHERDEEN, a/k/a Jim Kher,

    Applicant,

v.

RICK RAEMISCH, individually, or as the Executive Director of the Colorado Department of Corrections,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Mazen J. Kherdeen, a Colorado Department of Corrections parolee, is detained currently at the Arapahoe County Detention Facility (ACDF). He initiated this action by filing, *pro se*, an "Emergency Ex Parte Verified Petition for Writ of Habeas Corpus" (ECF No. 1). Mr. Kherdeen has paid the $5.00 filing fee.

    Applicant named 27 individuals and entities as Respondents in the original Petition and asserted claims challenging the legality of his reincarceration after his release on parole, the use of unlawful excessive force, and the conditions of his confinement at the ACDF.

    On September 9, 2015, Magistrate Judge Gallagher reviewed the Petition and determined that it was deficient because it appeared that Mr. Kherdeen was attempting to assert civil rights claims against some of the 27 individuals improperly named as Respondents. (ECF No. 4). Magistrate Judge Gallagher informed Mr. Kherdeen that if he wished to pursue civil rights claims, he must file a separate action under 42 U.S.C.

§ 1983. (*Id.*). However, Applicant's challenge to the legality of his reincarceration following a possible parole violation was properly asserted in a habeas corpus application pursuant to § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (claims challenging the execution of a state court sentence must be pursued under § 2241); *United States v. Furman,* 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241"). Accordingly, Magistrate Judge Gallagher directed Mr. Kherdeen to file an Amended Application, on the court-approved form, within 30 days, against his current custodian, and exclude any civil rights claims. (*Id.*).

Applicant filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10), on October 2, 2015. Mr. Kherdeen asserts three claims in the Amended § 2241 Application.  In claims one and three, Applicant asserts that he was arrested on August 24, 2015, without probable cause for violating the terms and conditions of his parole.  For his second claim, Applicant asserts that following his arrest and detention on August 24, 2015, he has not been served with a parole violation complaint or afforded a parole revocation hearing.

The Court construes the Amended Application liberally because Mr. Kherdeen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Application and this action will be dismissed.

**II. Analysis**

    **A.  *Younger* Abstention**

In claims one and three, Mr. Kherdeen challenges the legality of his arrest for a parole violation.   The parole violator charge will either proceed to a parole revocation hearing, or be dismissed.

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir.1996).   The Court may address the applicability of *Younger* abstention sua sponte. *Id.* at 1392 ("We are convinced that we have properly raised the abstention issue sua sponte."). *Younger* abstention applies to pending criminal proceedings as well as parole revocation proceedings in the state courts. *See, e.g.*, *Brewer v. Coppick*, No. CIV-05-1382-R, 2006 WL 1982904, at \*\*3-4 (W.D. Okla. June 2, 2006); *Maney v. Winges-Yanez*, Civil No. 6:13-CV-00981, 2014 WL 3778309 (D.Or. July 30, 2014); *Rushion v. Fuller*, Civil No. 13-CV-4277, 2013 WL 5406602, at \* 4 (E.D.N.Y. Sept. 25, 2013).

Abstention under *Younger* is appropriate when three conditions are met. First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.   *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir.1997). Furthermore, "*Younger* abstention is non-discretionary; it must be invoked [by the district court] once

the three conditions are met, absent extraordinary circumstances." *Amanatullah v. State Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir.1999).

All three conditions are met in this action. First, state court proceedings are ongoing.   Mr. Kherdeen has been arrested on a parole violator warrant and he is awaiting a parole revocation hearing.   Second, a parole revocation proceeding is an adequate forum in which to raise Applicant's constitutional claims. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Finally, state court criminal and parole revocation proceedings are traditional state law matters that implicate important state interests. In this regard, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).

And, there are no facts pleaded in the Amended Application to establish any of the three narrow exceptions to *Younger* abstention. *See Younger*, 401 U.S. at 50, 53 (recognizing exceptions to the abstention doctrine for "bad faith or harassment," where prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" that involve irreparable injury.).   Mr. Kherdeen's conclusory assertions of bad faith and harassment by his parole officer are insufficient to overcome *Younger* abstention. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (stating that it is the plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment.").

4

And, Mr. Kherdeen has not shown an irreparable injury stemming from the state court proceeding. The fact that he will likely be subject to a parole revocation hearing does not establish great and immediate irreparable injury. *See id.* at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger*, 401 U.S. at 46).

Consequently, the Court will abstain from reviewing Mr. Kherdeen's first and third claims.

**B. Challenge to Parole Revocation Procedures**

In claim two, Mr. Kherdeen challenges the application, or incorrect application, of state parole revocation procedures.

The federal due process rights to which a parolee is entitled before his parole is revoked are set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972). As relevant here, a parolee who is arrested on a parole violation and detained is entitled to notice of the parole violation charge and a revocation hearing within "a reasonable time" after he is taken into custody. *Id.* at 486-88. Although the Supreme Court did not quantify the phrase "reasonable time," the Court did conclude that a delay of two months between the parole violator's arrest and the parole revocation hearing was not constitutionally significant. *See id.* at 488.

In this case, Mr. Kherdeen was arrested on August 24, 2015. He filed his Amended Application on October 2, 2015, less than two months following his arrest. At this time, there has been no violation of Applicant's federal due process rights, as set forth in *Morrissey*.

The Court is mindful that a Colorado statute provides that a parole revocation

hearing shall be held within 30 days after a parolee is arrested, except the board may grant a delay when if finds good cause to do so and pursuant to state statute. *See* COLO. REV. STAT. (C.R.S.) § 17-2-103(7) (2015). *See also* C.R.S. § 17-2-103(6)(a) (requiring that a copy of the parole revocation complaint be given to the parolee "a reasonable length of time before any parole board hearing"); § 17-2-103(8) (requiring that "[p]rior to appearance before the board, a parolee shall be advised in writing by the director of the division of adult parole concerning the nature of the charges that are alleged to justify revocation of parole and the substance of the evidence sustaining the charges...."). However, even if state parole authorities did not comply with the applicable state statutes, the federal habeas corpus statutes do not provide a remedy for violations of state law only. *See* 28 U.S.C. § 2241(c)(3) (federal habeas court is limited to deciding whether detention violates the United States Constitution or the laws or treaties of the United States); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reaffirming that "federal habeas corpus relief does not lie for errors of state law" ) (internal quotation marks and citations omitted).

Accordingly, Mr. Kherdeen's due process challenge to the application of parole revocation procedures will be dismissed without prejudice as premature.

### III.   Orders

For the reasons discussed above, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus (ECF No. 10), filed by Applicant Mazan J. Kherdeen on October 2, 2105, is DENIED.   It is

FURTHER ORDERED that claims one and three, which challenge the legality of Applicant's arrest for a parole violation, are DISMISSED WITHOUT PREJUDICE,

pursuant to the doctrine of *Younger* abstention.   It is

FURTHER ORDERED that claim two, which challenges the application of parole revocation procedures, is DISMISSED WITHOUT PREJUDICE as premature.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Kherdeen has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Kherdeen files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 15, 2015, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court